IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DWIGHT OLIVER TEEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-03437-CV-S-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REMANDING TO ALJ

Plaintiff Dwight Teel seeks judicial review of the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq.*, and his application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Teel alleges disability due to rheumatoid arthritis, heart problems, ulcerative colitis, and memory problems and argues that he is unable to engage in substantial gainful employment as a matter of law. After independent review of the record, carefully considering the arguments set forth by the parties, the Court remands the case to the ALJ for further review.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted for Michael J. Astrue as the defendant in this suit.

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, courts consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, a court may not reverse because substantial evidence in the record supports a contrary result or because the court may have decided the case differently. *Id.*

**Discussion**

To establish entitlement to benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than twelve months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for benefits, the Commissioner employs a five-step evaluation process.[2] *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a).

---

[2] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers

At step one in this process, the administrative law judge ("ALJ") determines whether the claimant, regardless of his impairments, remains engaged in substantial gainful activity. *Id*. If so, the individual is not disabled. Here, the ALJ determined that Plaintiff's work as a self-employed cattle rancher constituted substantial gainful activity, and, therefore, Plaintiff was not disabled. Plaintiff argues the ALJ erred in making this determination, failing to consider the substantial evidence of record.

## Discussion

### I. The ALJ failed to fully discuss whether Plaintiff received "substantial income" from his business.

To qualify as substantial gainful activity, a claimant's work activity must be both "substantial" and "gainful." 20 C.F.R. § 416.972. Substantial work activity is that which involves doing significant physical or mental activities. *Id*. Work is considered substantial even if it is done on a part-time basis and even if it is less demanding or lucrative than prior work. *Id*. Work is "gainful" when it is the kind of work typically done for pay or profit, regardless of whether actual profit is realized. *Id*.

If a claimant is self-employed, the regulations provide three alternative tests for an ALJ to evaluate a claimant's work activity. 20 C.F.R. § 416.975(a). Under "Test One," a claimant engages in substantial gainful activity if he (1) "render[s] services that are significant to the operation of the business" and (2) "receive[s] a substantial income from the business." 20 C.F.R. § 416.975(a)(1).[3]

---

whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

[3] "Test Two" looks to whether the claimant performs work that is comparable to that performed by unimpaired people in the same community in the same or similar line of work. 20 C.F.R. § 404.1575(a)(2). "Test Three" looks to whether the claimant's work activity is worth the amount set forth in 20 C.F.R. § 416.974(b)(2) when considered in terms of its value to the business or when compared to what an owner of the business would pay an employee to do. 20 C.F.R. § 404.1575(a)(3).

In this case, the ALJ found that Plaintiff was engaged in substantial gainful activity under the first prong of "Test One" because the evidence—including Plaintiff's testimony that he typically awoke at 4:30 a.m.; spent the majority of the day on the farm; grew, harvested, and baled hay to feed the cattle; and maintained the farm with very little help from others—showed that Plaintiff managed and operated his farm, doing the work of a cattle rancher with only occasional assistance. The ALJ also found that Plaintiff's ranching activity was significant to the operation of the farm.

The government also argues that Plaintiff's work activity satisfies the second prong of "Test One"—that the claimant receive substantial income from his business—because Plaintiff testified that he used his cows for collateral to secure bank loans that provided income for his family. The ALJ, however, did not fully analyze this element, finding only that:

> So, the fact that he operates off money he borrows from the bank is the way most cattle men do. When they sell some of the cattle, they pay the bank off. So while he gives the impression that he is not making a profit, that is not the test and any way, it is not true. The profit is tied up in the cattle that he has not sold.

R. at 12.

The government argues that the ALJ's "inexact" explanation of why Plaintiff receives substantial income from his business is a "deficiency in opinion writing technique" which does not require the Court to set aside the ALJ's finding. *See Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008). However, the ALJ's conclusion is more than a mere deficiency in the written opinion. Rather, as the government itself notes, "the ALJ's written decision did not fully explain his finding regarding the 'substantial income' element of Plaintiff's farming work" (Doc. 10). Accordingly, the Court cannot determine why the ALJ concluded that Plaintiff receives substantial income from his farming activity or whether substantial evidence supports this

conclusion. For this reason, the Court remands this case to the ALJ for full development of the record.

## Conclusion

After careful examination of the record as a whole, the Court remands to the ALJ for further consideration consistent with this decision. Although the ALJ may still reach the conclusion that Plaintiff is not entitled to disability benefits under 42. U.S.C. § 401, *et seq.* and 42 U.S.C. §§ 1381, *et seq.*, the ALJ must explain, on the record, the reason for this decision.

**IT IS SO ORDERED.**

Date: July 17, 2013             /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT