# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DWIGHT TEEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-03437-CV-S-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING ATTORNEY'S FEES

Pending before the Court is Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 17). After Plaintiff succeeded in his Title II appeal, he was awarded $93,622.90 in past-due benefits. Defendant has already paid Plaintiff's counsel ("Counsel") $6,000.00 pursuant to a fee agreement. This Court later awarded Plaintiff's counsel $4,304.69 in Equal Access to Justice Act ("EAJA") fees, based on hourly rates of $178.75 and $181.25 for work performed in 2011 and 2012, respectively.

Counsel now requests reimbursement in the amount of $17,405.73 for 23.75 hours of work completed on Plaintiff's successful Social Security appeal. Defendant objects claiming that the amount is unreasonable. For the reasons explained below, Counsel's motion is GRANTED IN PART.

Under the Social Security Act, a court that renders a judgment favorable to a Title II claimant may award reasonable attorney's fees not to exceed 25% of the total of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). The court must then ensure that the requested fee amount is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The court should consider "the character of the representation and the results the representative achieved"—for

example, whether the attorney is responsible for any delay. *Id.* at 808. Courts should also consider whether "the benefits are large in comparison to the amount of time counsel spent on the case," in which case "a downward adjustment is . . . in order," lest the attorney obtain a "windfall[]." *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)). One test of reasonableness is to divide the operational hourly rate by a factor of 2.8, a number designed to reflect the substantial risk of loss faced by attorneys practicing Social Security disability law. *See Whitehead v. Barnhart*, No. 01-0095-CV-SW, 2006 WL 910004, at *2 (W.D. Mo. Apr. 7, 2006).[1] When there is an award of attorney's fees under both Section 406(b) and the EAJA, then the plaintiff's attorney must refund to the client the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796.

Here, Counsel requests $17,405.73: 25% of $93,622.90, less the $6,000.00 that Defendant has already paid her. The issue is whether this $17,405.73 figure is reasonable. The Court holds it is not. The Court appreciates the risk Counsel assumed in agreeing to represent Plaintiff, and Plaintiff did recover a large amount of past-due benefits. However, the legal issues in this case were not proportionally more complex. Similarly, this case was not factually complicated, yielding a record of only average length. After reviewing Counsel's work product and qualifications, the Court finds that an award of $17,405.73 would constitute a windfall, and so denies Counsel's motion to award that sum. *See id.* at 808.

The Court reaches the same conclusion applying the *Whitehead* statistical risk methodology. Considering the 23.75 hours worked, Counsel essentially charged an hourly rate of $732.87. Dividing by a factor of 2.8, the equivalent hourly rate is about $261.74. The Court

---

[1] In *Whitehead*, Plaintiff's counsel argued that based on statistics used in *Gisbrecht* a plaintiff has about a 36% chance of establishing entitlement to benefits after filing suit. Thus, an attorney should charge a winning client a contingent fee that is 2.8 times (100% ÷ 36%) larger than the fee he charges a client paying on a noncontingent basis to offset for the lack of compensation in cases he loses. The *Whitehead* court agreed that 2.8 was a reasonable factor.

finds that this amount is unreasonably high, especially considering the Court previously held that $178.75 and $181.25 were appropriate rates of pay for work performed in this case under the EAJA. *Cf. Whitehead*, 2006 WL 910004, at *2 (awarding Section 406(b) fees where the de facto hourly rate was only $133.27). *But see also Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *6 (E.D. Tex. July 22, 2004) (cautioning that "focus[ing] too sharply on hourly rates and time would essentially return to the lodestar approach rejected in *Gisbrecht*").

Rather, the Court finds that $12,053.13 is a reasonable award of attorney's fees in this case. To reach this amount, the Court uses as a guide the $181.25 higher EAJA hourly rate, which is then multiplied by the hours worked, 23.75, and the *Whitehead* factor, 2.8. *See Burton v. Astrue*, No. 07-0231-CV-W-DGK-SSA, 2011 WL 5117655, at *1 (W.D. Mo. Oct. 26, 2011) (adopting this approach to cut a Section 406(b) fee request). This amount adequately compensates Counsel for the work she has performed in this case and for the difficulty of that work.

Accordingly, Counsel's motion (Doc. 17) is GRANTED IN PART. The Court approves a fee award of $12,053.13 pursuant to 42 U.S.C. § 406(b)(1)(A). Counsel shall refund the EAJA award of $4,304.69 to Plaintiff, pursuant to the Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 183, 186, and the agreement of Counsel.

**IT IS SO ORDERED.**

  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Date: August 22, 2014